IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

K. R. JOHNSON,

    Petitioner,               No. CIV S-07-0860 LKK GGH P

    vs.

UNNAMED,

    Respondents.          FINDINGS AND RECOMMENDATIONS

                             /

        Petitioner, a state prisoner proceeding pro se, has filed a grievance on a state court habeas petition form, apparently intended to be filed in Kern County Superior Court. Petitioner complains of being forced to participate in a treatment program and of being illegally placed in a behavioral modification plan at C.C.I. (California Correctional Institution) in Tehachapi. Because, on the face of it, petitioner intended to file this form in Kern County Superior Court, the court will recommend dismissal of this action.

        To the extent that petitioner may have intended to file a petition in federal court pursuant to 28 U.S.C. § 2254, petitioner does not appear to be challenging the validity of his incarceration or its duration, such that this does not appear to be the appropriate vehicle for his complaint. On the other hand, it is not clear that petitioner has a cause of action pursuant to 42 U.S.C. § 1983, either.

1       Federal law opens two main avenues to relief on complaints related
to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254,
2       and a complaint under the Civil Rights Act of 1871, Rev. Stat.
1979, as amended, 42 U.S.C. 1983.  Challenges to the validity of
3       any confinement or to particulars affecting its duration are the
province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475,
4       500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief
turning on circumstances of confinement may be presented in a §
5       1983 action.

6 Muhammad v. Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam).

7       In any event, this inapposite action should be dismissed.  In his present filing,

8 petitioner makes a somewhat vague reference to prison disciplinary actions.  Should petitioner

9 intend to bring a federal habeas petition, for example, on the ground that he has been deprived of

10 constitutional due process in prison disciplinary actions wherein he has been assessed the loss of

11 good time credits, he should file any such challenge in the Fresno Division of the United States

12 District Court for the Eastern District of California because he is incarcerated in Kern County

13 which is encompassed in the Fresno Division.  See Local Rule 3-120(d).

14       To the extent that he might seek to bring claims pursuant to 42 U.S.C. § 1983, if

15 the defendants are located at C.C.I. in Tehachapi in Kern County, petitioner, as plaintiff, should

16 file any such action in the Fresno Division of the United States District Court for the Eastern

17 District of California.

18       In this case, as noted, it appears that the application was mis-filed in federal court

19 and, on that basis, the court will recommend its summary dismissal.

20       Accordingly, IT IS HEREBY RECOMMENDED that this petition be summarily

21 dismissed.

22       These findings and recommendations are submitted to the United States District

23 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

24 days after being served with these findings and recommendations, petitioner may file written

25 objections with the court.  Such a document should be captioned "Objections to Magistrate

26 Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections

1  within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.</u>
2  <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: 6/19/07                                                    /s/ Gregory G. Hollows
4                                                                              _____
                                                                                UNITED STATES MAGISTRATE JUDGE

6  GGH:009
   john0860.ofr